UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CALVIN PRITCHETT,** | ) | **CASE NO.  1:06CR129** |
| | ) | **1:10CV1357** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Calvin Pritchett's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  Doc. 43. The Government has responded to the petition, and Petitioner has replied. The petition is DISMISSED

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Additionally, 28 U.S.C. § 2255(f)(1) provides as follows:  "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the … date on which the judgment of conviction becomes final[.]"[1]

---

[1] The remaining dates contained  in subsections (2) through (4) are inapplicable herein.

> The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011) (citing Holland v. Florida, ––– U.S. ––––, ––––, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). Petitioner bears the burden of demonstrating he is entitled to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). Until recently, we used a five-factor inquiry to determine whether a habeas petitioner was entitled to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (identifying the following factors as relevant to the equitable tolling determination: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim). The factors were "not necessarily comprehensive or always relevant." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). The Supreme Court's decision in *Holland* replaced the five-factory inquiry with a two-part test, under which a habeas petitioner is entitled to equitable tolling only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Hall*, 662 F.3d at 749 (citing *Holland*, 130 S.Ct. at 2562).

*Johnson v. United States*, 2012 WL 171379, at *7 (6th Cir. Jan. 23, 2012).

## II. LAW AND ARGUMENT

Petitioner's sentence was reduced to a judgment entry on January 8, 2007. Petitioner took no appeal from his sentence. Accordingly, it became final when his time to appeal expired on approximately January 22, 2007. Petitioner did not file the instant petition until June 17, 2010, well beyond the statute of limitations. In so doing, Petitioner contended that he was filing a "delayed Rule 9" motion. As the Government properly notes, the Rule 9(b) that Petitioner relies upon no longer exists. Amendments to the Rules Governing Section 2254 and 2255 Cases have made Rule 9 solely applicable to second and successive petitions. Moreover, the amendment was necessary to bring Rule 9 in compliance with the AEDPA's statutory limitations period.

As Petitioner's reliance on now non-existent Rule 9(b) is misplaced, he argues in his reply that his petition should be subject to equitable tolling. The Court finds no merit in this argument.

Petitioner's sole argument on this issue is that he believed his counsel had filed a notice of appeal and was pursuing the appeal on his behalf. Petitioner, however, does not assert that his counsel ever informed him that a notice of appeal had been filed. Instead, Petitioner contends that he was "under the impression" that an appeal was being pursued. He offers no facts in support of what formed this impression. Moreover, even if the Court were to accept this "fact," Petitioner cannot explain why he waited for more than three years after his conviction to file this § 2255 petition. Petitioner fails both prongs of the Court's equitable tolling analysis. He decidedly did not *diligently* pursue his rights and there are no extraordinary circumstances that warrant equitable tolling. The petition is untimely.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED.** Doc. 43. Similarly, as the petition is time-barred, Petitioner's request to appoint counsel is **DENIED.** Doc. 45.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: April 30, 2012 /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**